UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAURA DOANE,<br><br>                     Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security Administration,<br><br>                     Defendant. | CASE NO.  C09-5704RJB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 10, 2010 |

      This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews v. Weber, 423 U.S. 261 (1976).  Plaintiff, Laura Doane, has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying her application for social security supplemental income benefits.  This matter has been briefed.  Oral argument was heard on August 12, 2010.  After reviewing the record, the undersigned recommends affirmation of the administrative decision.

REPORT AND RECOMMENDATION - 1

INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff, Laura Doane, was born in 1961. Tr. 115. She did not complete high school, but has received her GED. Tr. 27. Plaintiff has past relevant work experience as a hotel clerk. Tr. 27. Plaintiff testified she worked as a hotel clerk for fourteen years. *Id*. Her work as a hotel clerk ended in March 1999, immediately following plaintiff's boyfriend's suicide, which was committed at the hotel where she worked and lived. Tr. 28. Plaintiff did not seek any other type of work following this incident and the death of her sister three months later. *Id*. Plaintiff stated that after these deaths she was very depressed and unable to concentrate or go out in public. *Id*. Since 1999, plaintiff has supported herself only through state welfare assistance. Tr. 27. Ms. Doane lives with her father. Tr. 26.

Plaintiff originally filed applications for social security benefits in 2003, alleging disability since March 23, 1999. Tr. 27, 49-59. The applications were denied. Tr. 49-59. Plaintiff filed a subsequent application for social security supplemental income benefits on January 29, 2007. Tr. 115-120. Plaintiff claims inability to work since January 1, 2007, due to advanced degenerative disc diseases, numbness, and anxiety. Tr. 134.

The claim was administratively denied on March 27, 2007 and then again upon consideration on June 13, 2007. The matter was subsequently assigned to an administrative law judge (ALJ), who conducted a hearing on May 15, 2009. Tr. 21-45. Plaintiff testified at the hearing, along with Mr. Weiss, a vocational expert. *Id*. On July 27, 2009, the ALJ issued a written decision, finding plaintiff "not disabled." Tr. 11-20. Specifically, the ALJ concluded that despite finding plaintiff had significant impairments due to degenerative disc disease and anxiety disorder, plaintiff retained the ability to perform work as an assembler or basket filler. *Id*.

Plaintiff appealed the ALJ's decision to the Administration's Appeals Council. Tr. 4. On October 6, 2009, the Appeals Council denied the request, leaving the ALJ's decision as the final administrative decision subject to judicial review. Tr. 1-3. Following the administration's denial, plaintiff filed the instant Complaint in this court seeking judicial review of the ALJ's decision. Plaintiff argues the ALJ made the following three errors:

(1) The ALJ failed to find plaintiff's neck and back symptoms meet or equal the level of severity for Listing 1.04;

(2) The ALJ erroneously substituted his own medical opinion, rejecting the opinions of Dr Knopes, Dr. Lee, Dr. Khan and Dr. Brown; and

(3) The ALJ erred when he found plaintiff retained the ability to perform a full range of light work.

After reviewing the record and hearing oral argument, the undersigned finds no legal error in the ALJ's decision and substantial evidence in the record properly supports the decision. The issues and facts argued present a classical case of two different interpretations of the evidence. On the one hand, plaintiff argues the medical evidence supports a finding of disability and, on the other hand, the ALJ has interpreted the medical evidence to find that plaintiff's impairments are not as severe as alleged. As explained below, the court must defer to the administration's interpretation of the evidence. The matter should be affirmed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1214 (9th Cir.2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 201 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir.2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

Plaintiff bears the burden of proving that he or she is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (*internal citations omitted*). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if his or her impairments are of such severity that he or she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

## DISCUSSION

*A.   Disability Benefits Under The Listing 1.04 of the Listing of Impairments*

At step-three of the administrative process, if the administration finds that the claimant has an impairment(s) that has lasted or can be expected to last for not less than 12 months, and is

REPORT AND RECOMMENDATION - 4

included in Appendix 1 of the Listings of Impairments, or is equal to a listed impairment(s), the claimant will be considered disabled without considering age, education and work experience. 20 C.F.R. § 404.1520(d).  The claimant bears the burden of proving that he has an impairment that meets or equals the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1 ("Listed Impairments" or "Listing").  Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2004).  If the claimant's impairments meet or equal a Listed Impairment, disability is established.  Id.

Here, the ALJ specifically addressed the Listings, stating, "The claimant's neck and back symptoms do not meet or medically equal the medical listing of 1.04, because she does not have upper or lower extremity muscle weakness, reflex loss or objective sensory deficit and the claimant's motor functioning is normal in all major muscle groups, according to objective medical evidence." Tr. 14.  In making this finding, plaintiff argues that ALJ ignored evidence to the contrary and that the ALJ should have sought assistance from a medical expert to better determine the severity of plaintiff's physical impairments.

The Court is not persuaded by plaintiff's argument.  As discussed more fully below, the ALJ properly weighed and resolved conflicting medical evidence regarding the severity of plaintiff's symptoms.  The Court also rejects plaintiff's contention that the ALJ erred when he did not obtain a medical expert.  The ALJ "has an independent 'duty to fully and fairly develop the record,'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); however, the duty to develop the record – to call on the services of a medical expert -- is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence, Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001); Tonapetyan, 242 F.3d at 1150.  As discussed below, the medical evidence of record was not ambiguous or inadequate to

REPORT AND RECOMMENDATION - 5

necessitate the need for the ALJ to further develop the record with testimony and/or an updated physical evaluation from a medical expert.

### B.     The ALJ Properly Considered The Medical Evidence

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss all evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir.1984) (citation omitted). The ALJ must only explain why "significant probative evidence has been rejected." Id.

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir.2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of

REPORT AND RECOMMENDATION - 6

qualified medical experts.  Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982).  If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so.  Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  Lester, 81 F.3d at 831.  In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

   Here, plaintiff argues the ALJ erroneously rejected the opinions of Dr. Knopes, Dr. Lee, Dr. Khan and Dr. Brown.  Within this argument, plaintiff argues the ALJ improperly evaluated both plaintiff's mental and physical impairments.  After considering the record, the undersigned finds no errors in the ALJ's decision.

   First, as noted above, the ALJ found that plaintiff's physical impairments did not meet or equal a listed impairment, particularly Listing 1.04.  Tr. 14.  The ALJ next concluded plaintiff exertionally retained the ability to do the following: "The claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently.  The claimant can stand and/or walk with normal breaks and can sit with normal breaks about six hours in an eight hour workday.  The claimant can occasionally kneel, crouch, and crawl.  The claimant should avoid vibration, heights, and moving machinery."  Tr. 15.  The ALJ found plaintiff capable of performing a limited range of light work.  Tr. 20.

REPORT AND RECOMMENDATION - 7

In making his physical exertion findings, the ALJ gave substantial weight to the opinion of Dr. Turner. Tr. 18. The ALJ explained that Dr. Turner's opinion, who is a non-examining consultant, was the most consistent evaluation of plaintiff's physical impairments in light of the ALJ's rejection of plaintiff's subjective report of symptoms and limitations. *Id*. A treating physician's opinion that is not supported by clinical evidence and is based on a claimant's properly-rejected subjective complaints cannot properly be accorded significant weight under the Act and regulations and may properly be disregarded. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005); Batson, 359 F.3d at 1195; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

The court finds that the ALJ properly rejected plaintiff's testimony regarding the level of severity of her impairments, citing inconsistencies between plaintiff's allegations and the medical records and her own reports of activity level (including daily and travel activities). Tr. 17. For instance, plaintiff reported that she did not have any problems getting along with family, friends, neighbors or others and had never been laid off from a job due to inability to get along with others. She said that she went outside every day and regularly went to the library, to doctors' appointments, to the post office, and shopping. Plaintiff also reported that once a month she went out of town with a friend for a day. Further, in a March 12, 2007 Function Report, plaintiff reported that her concentration was limited and she had nervous energy, but stated that she finished what she started and was able to read, watch television, play scrabble and do crossword puzzles. Tr. 14, 143-45.

At a December 12, 2007 evaluation at Good Samaritan Family Medicine at Puyallup, plaintiff reported that she had been too busy taking care of her father to start physical therapy. Tr. 327. A July 21, 2008 treatment note from Dr. Khan shows that the claimant was traveling to

REPORT AND RECOMMENDATION - 8

Ohio on August 1. Tr. 308. This report is inconsistent with plaintiff's claim at the hearing that even a bus trip to Tacoma was excruciatingly long for her. Tr. 38. Finally, the ALJ also noted plaintiff's statement that she would be better off out of her father's house and that "once I have my own place 95% of my problems will be behind me." Tr. 280.

Turning back to the medical evidence, the ALJ recognized that that both Dr. Khan and Dr. Lee, as treating or examining physicians, would generally be given more weight than non-examining physicians. *Id.* And, both of these two physicians assessed plaintiff's exertional limitations as more severe than the ALJ. For instance, the ALJ found plaintiff is capable of performing light work and Dr. Khan and Dr. Lee limited plaintiff to only sedentary. Tr. 194, 284. The ALJ discounted the more severe ratings, stating that Dr. Khan and Dr. Lee (and Dr. Knopes) relied heavily on plaintiff's subjective claims. Tr. 18. As discussed above, the ALJ provided legitimate reasons for discounting plaintiff's allegations of total disability and more severe pain than found by the ALJ. In addition, the ALJ relied on the medical opinion of Dr. Turner. In contrast to Dr. Khan and Dr. Lee, on March 21, 2007, Dr. Turner did not adopt a finding of sedentary ability. Tr. 225. Dr. Turner believed sedentary work level was inconsistent with plaintiff's daily activity level and other evidence in the record. *Id*. Dr. Turner believed plaintiff capable of performing light work on a consistent basis with no reaching above shoulder level. *Id*. It is not up to this court to re-weigh the evidence. So long as the ALJ considered the opinions of Dr. Khan and Dr. Lee, and chose to rely more heavily on Dr. Turner's opinion, it was within the discretionary power of the ALJ and does not constitute grounds for reversal.

Plaintiff argues in a conclusory fashion that the ALJ failed to properly consider the opinion of Dr. Brown. On review, it is clear the ALJ did not reject the opinion of Dr. Brown. The ALJ first summarized Dr. Brown's treatment records. Tr. 13. The ALJ then noted Dr.

Brown's August 13, 2007 report that plaintiff exhibited a good range of motion and normal sensation. Tr. 17, 291. Dr. Brown's opinion was properly considered, not rejected, by the ALJ.

As to plaintiff's alleged degree of mental impairment, rather than accepting the opinion of Dr. Knopes, as argued by plaintiff, the ALJ adopted the October 9, 2006, psychological evaluation of Dr. Stein. Tr. 17-18. Dr. Stein opined that the claimant's mental impairments caused no limitation to mild limitation in cognitive factors and no limitation to moderate limitation in social factors. Tr. 182-187.

On February 15, 2007, Dr. Knopes evaluated plaintiff and assigned greater non-exertional or mental limitations than Dr. Stein. Tr. 373-78. Similar to the ALJ's analysis of plaintiff's physical or exertional impairment, the ALJ assigned less weight to Dr. Knopes' opinion because the ALJ found that it relied too heavily on plaintiff's own description of her social life and ability to function on a daily basis. As noted above, the ALJ was within his discretion in discounting plaintiff's subjective complaints.

In sum, the ALJ relied on substantial evidence in the record, including Dr. Turner and Dr. Stein's evaluations, other medical reports in the record that showed plaintiff's range of motion was not as significantly impaired as was alleged by plaintiff, and the ALJ's analysis of plaintiff's subjective complaints. The ALJ properly acknowledged the conflicting evidence and explained his reasoning for adopting the opinions of the non-examining physicians. It bears repeating that the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278

F.3d 947, 954 (9th Cir.2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

### C.   The ALJ Properly Determined Plaintiff's Residual Functional Capacity To Perform A Full Range Of Light Work

If the ALJ cannot determine whether a claimant is disabled based on a claimant's current work activity or on medical facts alone, and a claimant has a severe impairment(s), a review is made of the claimant's residual functional capacity ("RFC") and the physical and mental demands of the work a claimant did in the past.  20 C.F.R. § 404.1520(e).  Social Security Rulings 96-8p and 96-9p state that RFC is an assessment of an individual's ability to do sustained work-related activities in a work setting on a "regular and continuing basis," and define "regular and continuing basis" as being "8 hours a day, for 5 days a week, or an equivalent work schedule."  Social Security Rulings 96-8p and 96-9p; Rollins v. Massanari, 261 F.3d 853, 859 (9th Cir. 2001).

RFC is "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. § 404, Subpart P, App. 2 § 200.00(c) (emphasis added).  In evaluating whether a claimant satisfies the disability criteria, the Commissioner must evaluate the claimant's "ability to work on a sustained basis."  20 C.F.R. § 404.1512(a).  The regulations further specify:  "When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis."  *Id.* at § 404.1545(b).  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.  20 CFR §§ 404.1527, 416.927.

Plaintiff argues the ALJ erred when he found plaintiff capable of a certain range of light work.  Plaintiff's argument is premised on the contention that the ALJ failed to properly consider

REPORT AND RECOMMENDATION - 11

the medical evidence, particularly the opinions supporting only an ability to perform sedentary work, and plaintiff's testimony. As discussed above, the undersigned finds no error in the ALJ's consideration of the medical evidence. Moreover, plaintiff's argument fails to acknowledge the ALJ's reliance on Dr. Turner and Dr. Stein, whose opinions are completely consistent with the ALJ's RFC finding of light work.

## CONCLUSION

Based on the foregoing discussion, the Court should affirm the ALJ's decision to deny plaintiff's application for social security benefits. The medical record contains conflicting evidence and the ALJ properly considered and resolved those conflicts.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 10, 2010**, as noted in the caption.

DATED at this 13th day of August, 2010.

/s/ J. Richard Creatura
J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12